```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEIL H. ACKERMAN, Chapter 7
Trustee of Marine Risks, Inc.,          E.D. Bankr. Adv. Proc.
                                        No. 06-08416
            Appellant,
     -against-

WALTER PILIPIAK,                        MEMORANDUM & ORDER
                                        10-CV-4851 (JS)
            Appellee.
----------------------------------X
```

APPEARANCES:
For Appellant:      Kevin R. Toole, Esq.
                    Meltzer Lippe Goldstein& Breitstone LLP
                    190 Willis Avenue
                    Mineola, NY 11501

For Appellee:       John R. Keough, III, Esq.
                    Casey D. Burlage, Esq.
                    Waesche, Sheinbaum & O'Regan, P.C.
                    111 Broadway, 4th Fl.
                    New York, NY 10006

                    Tracy L. Klestadt, Esq.
                    Klestadt & Winters, LLP
                    570 Seventh Avenue, 17th Fl.
                    New York, NY 10018

SEYBERT, District Judge:

      As is relevant here, the Court previously affirmed in its entirety the Bankruptcy Court's order (the "Bankruptcy Order") dismissing Neil H. Ackerman's (the "Trustee") adversary complaint.  Defendant Walter Pilipiak ("Defendant") had cross-appealed from the Bankruptcy Order insofar as it denied Defendant's taxable costs.  The Court dismissed Defendant's cross-appeal for "Defendant's apparent failure to raise these issues first with the Bankruptcy Court." (Docket Entry 29 at

18.)

## DISCUSSION

Pending here is Defendant's motion to reconsider the Court's earlier Order rejecting his appeal for the taxable costs he incurred during the Bankruptcy Court proceeding. (Docket Entry 31.) Arguing that he did, in fact, raise the costs issue in the Bankruptcy Court, he points to one sentence in his Answer and one sentence each in his Rule 52 motion and reply. (Docket Entry 32 at 4.) This is not the proper way for a prevailing party to apply for costs in an adversary proceeding. Eastern District Local Bankruptcy Rule 7054-1 provides that Eastern District Local Civil Rule 54.1 ("Local Rule 54.1") applies in adversary proceedings. Local Rule 54.1, in turn, sets forth the procedure for taxing costs. There is no indication that Defendant followed this procedure.

Accordingly, Defendant's motion for reconsideration is DENIED. The Court takes no position today whether Defendant's time to make an application for costs has expired. See LOCAL CIV. R. 54.1 (providing that the party seeking to recover costs shall do so within thirty days after the entry of final judgment, "or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal"). The Court leaves that issue to the Bankruptcy Court in the first instance.

Separately, Defendant's application for the costs of

this appeal (Docket Entry 35) is denied in its entirety with leave to renew. Defendant's present application is an attempt to obtain from this Court the costs that he has sought (unsuccessfully, so far) from the Bankruptcy Court, including the costs of trial and deposition transcripts.

Defendant may renew his application for costs within fourteen days. He shall direct his application to the Clerk of the Court, and he shall limit the costs sought to be taxed to the items enumerated in Bankruptcy Rule 8014.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Docket Entry 31) is DENIED. Defendant's application for costs is also DENIED with leave to renew.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September __28__, 2012
        Central Islip, New York